GOURLEY *v.* ALLEN, 5 Cow. 644.

Not reported in S. Ct.

*Action ; Overseers of the Poor.*

THIS was an action by a physician against the overseers of the town of Hebron for medical attendance bestowed on paupers, in cases of urgent necessity, but without any actual employment by the overseers, or any promise to pay.

The Supreme Court held the overseers liable upon their implied undertaking or legal obligation to provide proper medical aid for paupers. But on error

The Court of Errors *reversed* the decision, holding that no action lay against the overseers under such circumstances, though the most pressing necessity might have existed for

immediate medical assistance ; the services not being ren_ dered at the *request* of the overseers, and they not having promised to pay.

The court also held that the overseers had no right to appropriate the public moneys, &c., for the support of the poor in any case, without a previous order of a justice or justices of the peace.

In *Flower* v. *Allen*, 5 Cow. 654, the Court of Errors *reversed* the judgment of the Supreme Court, in a similar case, upon the same grounds.

A question was raised by Senator Spencer, whether overseers of the poor are ever liable in their *corporate* capacity ? Tallmadge, President, held that they are liable, sometimes in their corporate, and sometimes in a personal capacity. That in the former case, their persons or property are not affected by the judgment, but only the corporate property. Otherwise, where they are personally liable.

☞ See *Grant* v. *Fancher*, 5 Cow. 309, where the Supreme Court holds that overseers of the poor are a quasi corporation, and their successors may sue for a debt or duty due to their predecessors in their official capacity, and that where they contract a debt or neglect a duty which devolves upon them as overseers, by which they become liable to another, and then go out of office, they can not be sued as *late* overseers, but the action should be against their successors.